NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA IDALIA PINEDA ESCOBAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 17-71813

Agency No. A206-884-098

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2024
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Maria Pineda Escobar, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' (BIA) dismissal of her appeal of the

Immigration Judge's (IJ) decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the parties are

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

familiar with the facts, we do not restate them here. For the reasons stated below, we grant the petition as to her asylum and withholding of removal claims and deny the petition as to her CAT claim.

Where the BIA reviews the IJ's factual findings for clear error, states its reasons with particularity, and partially incorporates the IJ's reasoning, we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's [] decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008); *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) ("Where, as here, the Board incorporates the IJ's decision into its own . . . this court will review the IJ's decision to the extent incorporated."). "We review for substantial evidence the factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). To prevail under the substantial evidence standard, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000).

1. The record compels the conclusion that the government of El Salvador was unable to control Pineda Escobar's abuser. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (explaining that a petitioner alleging past

persecution by a private actor must show that "the government was unable or unwilling to control" the private actor). Pineda Escobar testified that when her aunt reported her uncle for domestic abuse, the police "gave [the uncle] some counsel" but otherwise "didn't do anything" and did not arrest him. *See Afriyie v. Holder*, 613 F.3d 924, 932 (9th Cir. 2010) *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc) ("Where . . . an asylum applicant testifies to specific incidents in which individuals closely connected to the asylum applicant unsuccessfully sought police protection or investigation for crimes related to the ones against [her], such testimony is certainly pertinent and must be considered."). She also testified that she was confident that the police were unable to protect her from her abuser because she knew from news reports that people arrested for domestic violence were regularly released after only one night in jail. Where police merely respond with nothing more than a "slap on the wrist," such a response is not sufficient to establish that the police are able to stop persecutors. *Navas v. INS*, 217 F.3d 646, 656 n.10 (9th Cir. 2000) ("[P]olice inaction in the face of . . . persecution can suffice to make out a claim. In particular, arrests by police, without more, may not be sufficient to rebut claims that the government is unable or unwilling to stop persecutors." (citation omitted)).

Pineda Escobar's testimony, deemed credible by the IJ, is corroborated by

country conditions evidence that the Salvadoran government does not effectively enforce laws against domestic violence. *See Davila*, 968 F.3d at 1142–43 (holding that substantial evidence did not support agency's conclusion where other evidence, including country conditions evidence, corroborated petitioner's credible testimony about "the indifference of [] public officials toward domestic abuse"). The country reports in the record noted that while there are laws criminalizing rape and domestic abuse, these laws "were not effectively enforced," "cases were not effectively prosecuted," and "[t]he government's efforts to combat domestic violence were minimally effective."[1] Substantial evidence therefore does not support the agency's decision to deny Pineda Escobar's asylum and withholding of removal claims.

Because the BIA did not address whether the abuse Pineda Escobar has

---

[1] The agency also erred by failing to discuss this highly probative evidence of the government's inability to protect victims of domestic violence and by cherry-picking evidence in the country conditions reports of the government's willingness to do so. *See Davila*, 968 F.3d at 1142–43 (explaining that "[t]he [agency] was required to evaluate all relevant evidence in the record," including country report evidence, "to determine whether [petitioner] carried her burden" to demonstrate that the "government was or would be unable or unwilling to protect her"); *Afriyie*, 613 F.3d at 931 (holding that even if evidence "suggests that the police were *willing* to protect [petitioner], that says little if anything about whether they were *able* to do so"). "Where the [agency] does not consider all the evidence before it, either by 'misstating the record [or] failing to mention highly probative or potentially dispositive evidence,' its decision is legal error and 'cannot stand.'" *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)).

suffered rises to the level of persecution, whether she belongs to a cognizable particular social group, or whether she was persecuted on account of her membership in that social group, we remand to the agency for further consideration of her asylum and withholding claims consistent with this disposition. *Id.* at 1144.

2. The record does not compel a conclusion that the government would acquiesce to Pineda Escobar's torture. To qualify for relief under CAT, a petitioner must show that she suffered torture at the hands of a private actor "at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1). Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 208.18(a)(7). While Pineda Escobar testified that police only counseled her uncle—and did nothing else to stop the abuse—when her aunt reported him for domestic abuse, it is not clear on this record whether this constituted a breach of "legal responsibility to intervene" or rose to the level of acquiescence. *See Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022) (holding that where the police otherwise "did their job" in responding to an incident but were unable to ultimately bring the perpetrators to justice, government acquiescence has not been established).

Although the country conditions evidence demonstrates general ineffectiveness in preventing domestic violence crimes, it does not show

5

government acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (as amended) ("[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations."). For example, there is evidence that the Salvadoran government has "taken steps to combat violence against women," and "[e]ven though, as a practical matter, these steps have not achieved the desired goals[,] . . . they support the BIA's determination that the government is not willfully blind to attacks on women." *Id.* at 1035. Substantial evidence therefore supports the agency's determination that Pineda Escobar did not establish government acquiescence to her torture for purposes of her CAT claim.

**PETITION GRANTED IN PART; DENIED IN PART; AND REMANDED.**